IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL JEROME LEWIS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CASE NO. 1:21-MC-3939-RAH |
| ) | |
| JEFFERSON DUNN, Commissioner, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM ORDER**

**I. INTRODUCTION**

Petitioner, Michael Jerome Lewis, an Alabama death-row inmate, has filed an *Ex Parte* Motion for Appointment of Counsel in Capital Habeas Proceeding Pursuant to 18 U.S.C. § 3599. (Doc. 1.) As grounds, Mr. Lewis, by counsel, Assistant Federal Defender Matt D. Schulz, represents that a conflict of interest has arisen with current counsel such that Mr. Schulz can no longer represent him in his federal habeas proceedings. Mr. Lewis advises that he has yet to file a federal habeas action, and he states that he must initiate such proceedings no later than September 7, 2021.

On August 3, 2021, the Federal Community Defender Office for the Eastern District of Pennsylvania ("the FCDO") moved to be appointed as counsel for Mr. Lewis, pursuant to 18 U.S.C. § 3599(a)(2), in his yet-to-be-filed federal habeas

proceedings. (Doc. 3.) Petitioner's *Ex Parte* Motion for Appointment of Counsel (Doc. 1) and the FCDO's Motion for Appointment of Counsel (Doc. 3) are due to be granted.

## II.  PROCEDURAL BACKGROUND[1]

In September 2003, Petitioner was convicted in Houston County, Alabama, for the 1997 murder of Timothy Kaye and sentenced to death. His conviction and death sentence were affirmed on appeal. *Lewis v. State*, 24 So. 3d 480 (Ala. Crim. App. 2007); *Ex parte Lewis*, 24 So. 3d 540 (Ala. 2009). The U.S. Supreme Court denied Petitioner's request for certiorari. *Lewis v. Alabama*, 130 S. Ct. 796 (2009).

Petitioner then filed a Rule 32 petition in the Circuit Court in Houston County, Alabama, No. CC-97-1574.60, which was denied. On appeal, the Alabama Court of Criminal Appeals remanded to the Rule 32 circuit court for further findings. *Lewis v. State*, No. CR-14-1523, 2018 WL 1358048 (Ala. Crim. App. Mar. 16, 2018). Following additional findings, the Rule 32 court denied the petition again, and the Alabama Court of Criminals subsequently affirmed. *Lewis v. State*, No. CR-14-1523, 2020 WL 2820551 (Ala. Crim. App. May 29, 2020). On February 19, 2021, the Alabama Supreme Court denied Mr. Lewis's petition for a writ of certiorari. *Lewis v. State*, No. 1191006, Certificate of Judgment (Ala. Feb. 19, 2021).

---

[1]  This background information is taken, in part, from the FCDO's representation of Petitioner's litigation history concerning his capital case. (Doc. 3 at 1-2.)

### III.  THE APPOINTMENT OF COUNSEL UNDER 18 U.S.C. § 3599

Mr. Lewis, by counsel, states that he proceeded as an indigent litigant on his direct appeal and in his state post-conviction proceedings.  Title 18 U.S.C. § 3599 entitles indigent defendants to the appointment of counsel in capital cases, including habeas corpus proceedings.  *Christeson v. Roper*, 574 U.S. 373, 377 (2015); *Martel v. Clair*, 565 U.S. 648, 652 (2012).  Specifically, Title 18 U.S.C. § 3599(a)(2) provides:

> In any post conviction proceeding under section 2254 or 2255 of title 28, United States Code, seeking to vacate or set aside a death sentence, any defendant who is or becomes financially unable to obtain adequate representation or investigative, expert, or other reasonably necessary services shall be entitled to the appointment of one or more attorneys and the furnishing of such other services in accordance with subsections (b) through (f).

Thus, capital defendants have a statutory right to qualified legal counsel in these proceedings.  *See McFarland v. Scott*, 512 U.S. 849, 859 (1994) (discussing the statutory predecessor to § 3599 formerly found at 21 U.S.C. § 848).

As grounds for its motion for appointment as Petitioner's habeas counsel, the FCDO represents that it qualifies for that appointment under 18 U.S.C. § 3599.  Through its supervisor, it explains:

> The FCDO is qualified for appointment under § 3599.  The office has a Capital Habeas Unit that specializes in capital habeas corpus litigation under 28 U.S.C. § 2254.  That unit consists of attorneys who specialize in capital habeas corpus and post-

3

conviction litigation. The unit is supervised by Shawn Nolan. Mr. Nolan has been licensed to practice in Pennsylvania since 1989 and has exclusively handled capital post-conviction cases for the past eighteen years. Several of our attorneys are members of the bar of the Court of Appeals for the Eleventh Circuit; each has been a capital post-conviction litigator for well over a decade.

Capital post-conviction litigation requires specialized knowledge and experience. *See, e.g.*, 18 U.S.C. § 3599(d) (acknowledging the unique and complex nature of capital habeas litigation); *McFarland*, 512 U.S. at 856–57 (noting that "th[e Supreme] Court's death penalty jurisprudence unquestionably is difficult even for a trained lawyer to master") (quoting *Murray v. Giarratano*, 492 U.S. 1, 28 (1989)); CJA Plan, Section XIV(B)(4) (noting the "complex and demanding nature of capital cases."). Philadelphia FCDO attorneys possess such specialized knowledge and experience. Since 1995, it has represented scores of death-sentenced prisoners in federal district courts, the Courts of Appeals, and the United States Supreme Court. The FCDO has been appointed to represent petitioners in a number of capital federal habeas corpus cases outside the Eastern District of Pennsylvania, including in Georgia and Florida, the other states in the Eleventh Circuit. Its capital lawyers have litigated five substantive cases before the United States Supreme Court: *Sattazahn v. Pennsylvania*, 537 U.S. 101 (2003); *Rompilla v. Beard*, 545 U.S. 374 (2005); *Pace v. DiGuglielmo*, 544 U.S. 408 (2005); *Beard v. Kindler*, 558 U.S. 53 (2009); and *Williams v. Pennsylvania*, 136 S. Ct. 1899 (2016). Its capital lawyers have also served on the faculties of death-penalty and/or habeas corpus training seminars for numerous organizations and entities including, *inter alia*, the Administrative Office of the United States Courts Habeas Corpus Training and Assistance Project, the National Institute for Trial Advocacy, the NAACP Legal Defense and Education Fund, the American Bar Association Death Penalty Representation Project, the Pennsylvania Bar Institute, the National Association of Criminal Defense Lawyers, and the Pennsylvania Association of Criminal Defense Lawyers.

>The FCDO has been established by the Administrative Office of the United States Courts as a Community Defender Organization and is recognized as the Federal Defender Office for the United States District Court for the Eastern District of Pennsylvania. Since 1995, the FCDO has received a sustaining grant from the Administrative Office of the United States Courts to represent death-sentenced prisoners in federal habeas corpus proceedings. Because of its sustaining grant, the FCDO will not request from this Court any funds for attorney fees, investigation or travel expenses, expert witness expenses (should expert witnesses be needed), or any other expenses.

(Doc. 3 at 3-4.)

Additionally, Mr. Nolan represents that the FCDO has obtained the administrative approvals necessary for it to be appointed as counsel in an out-of-district case, such as this, and that it is prepared to begin representation of Mr. Lewis immediately upon this Court's approving its appointment. (Doc. 3 at 3.) Indeed, Mr. Nolan states: "The Philadelphia FCDO believes that we can responsibly assume this representation and quickly file in federal court." (*Id.*) Mr. Nolan also states that Mr. Lewis has consented to be represented by the Philadelphia FCDO. (*Id.*)

The foregoing statements of the FCDO's supervising attorney illustrate that the capital litigation attorneys at the FCDO possess the requisite background, knowledge, and experience in capital litigation and capital habeas litigation to warrant the appointment of the FCDO as Petitioner's counsel in his forthcoming

federal habeas petition. The FCDO and its attorneys meet the requirements for appointment under 18 U.S.C. § 3599(c).

Although the FCDO is out of this district, the Court is cognizant that U.S. Judicial Conference policy sanctions the appointment of out-of-district counsel in death penalty cases when appropriate. *See Guide to Judiciary Policy, Guidelines for Administering the CJA and Related Statutes, Vol. 7A, Appendix 2A, Model Plan for Implementation and Administration of the Criminal Justice Act, § XIV(F)(6)* ("Out-of-district counsel, including federal defender organization staff, who possess the requisite expertise may be considered for appointment in capital § 2254 cases to achieve cost and other efficiencies together with high quality representation."). This judicial policy further supports appointment of the FCDO in this case.

### IV. CONCLUSION

Upon consideration, it is ORDERED that:

1. The Ex Parte Motion for Appointment of Counsel in Capital Habeas Proceeding pursuant to 18 U.S.C. § 3599 (Doc. 1) is GRANTED.

2. The Motion for Appointment of Counsel filed by the Federal Community Defender Office for the Eastern District of Pennsylvania (Doc. 3) is GRANTED.

3. Pursuant to 18 U.S.C. § 3599, the Federal Community Defender Office for the Eastern District of Pennsylvania, 601 Walnut Street, Suite 545 West,

Philadelphia, PA 19106, (215) 928-0520, is appointed to represent Petitioner, Michael Jerome Lewis, in his habeas petition to be filed under 28 U.S.C. § 2254.

 4.  The FCDO attorneys to whom this case is assigned shall file their notices of appearance with this Court upon the filing of Petitioner's habeas petition.

 5.  All issues having been resolved in this miscellaneous case, the Clerk of the Court shall terminate this case.

 DONE, on this the 4th day of August, 2021.

        /s/ R. Austin Huffaker, Jr.
        R. AUSTIN HUFFAKER, JR.
        UNITED STATES DISTRICT JUDGE